Charles P. LaPolla
PHILLIPS NIZER LLP
485 Lexington Ave., 14th Floor
New York, New York 10017
(212) 977-9700
clapolla@phillipsnizer.com
*Attorneys for Plaintiff*
*Cabinets to Go, LLC*

Jeff J. Astarabadi
MUCH SHELIST, P.C.
660 Newport Center Drive, Suite 900
Newport Beach, CA 92660
(949) 767-2200
jastarabadi@muchlaw.com
*Pro Hac Vice Forthcoming*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CABINETS TO GO, LLC | Civil Action No: 1:23-cv-02760 (VSB) |
| Plaintiff, | |
| v. | **FIRST AMENDED COMPLAINT** |
| FRED SYMES d/b/a STOCK CABINET EXPRESS, | |
| Defendant. | |

Plaintiff Cabinets To Go, LLC ("Cabinets To Go" or "Plaintiff"), by and through its undersigned counsel, for its First Amended Complaint, complains of defendant Fred Symes d/b/a Stock Cabinet Express ("Defendant"), and alleges as follows:

**Nature of the Action**

1. This is a civil action at law and in equity to remedy acts of, *inter alia*, (1) trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (2) false designation of origin and federal unfair competition under Section 43(a) of the Lanham Act, 15

U.S.C. § 1125(a); (3) deceptive acts and practices under New York General Business Law § 349; (4) trademark infringement under the common law of the State of New York; and (5) unfair competition under the common law of the State of New York, seeking injunctive relief, monetary damages, and related remedies, all caused by Defendant's unauthorized use of Plaintiff's federally registered trademarks.

**The Parties**

2. Cabinets To Go is a Florida limited liability company with a principal place of business at 2350 W.O. Smith Street, Lawrenceburg, TN 38464, and is engaged in the manufacture, distribution, sale, advertising, and promotion in interstate commerce of kitchen and bathroom cabinets, flooring, counter-tops, sinks, faucets, tiles, and other related items, and operates wholesale, retail, and on-line stores featuring these goods.

3. Plaintiff is informed and believes and based thereon alleges that Defendant is an individual with a sole proprietorship doing business under the name Stock Cabinet Express with a principal place of business at 315 Fifth Ave., Suite B, Pelham, NY 10803 and is engaged in the distribution, sale, advertising and promotion in interstate commerce of kitchen and vanity cabinets, and other related items, and operates an on-line store featuring these goods. Defendant is doing business in this judicial district.

**Jurisdiction and Venue**

4. This Court has original subject matter jurisdiction over this action because this action arises under the Federal Trademark Act, 15 U.S.C. §§ 1051-1127, jurisdiction being conferred in accordance with 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Defendant (a) committed acts of

trademark infringement in this judicial district; (b) caused injury to Cabinets To Go in this judicial district; (c) purposely and directly targeted their activities at parties in this judicial district; and (d) transacted business in and derived substantial revenues in interstate commerce including commerce in the state of New York and this district, and is therefore subject to the personal jurisdiction of this Court.

5. Venue is proper in this federal judicial district under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims asserted herein occurred in this District and because Defendant is doing and transacting business in this Judicial District and is subject to personal jurisdiction in the district.

## Facts

6. Since at least August 2009, Plaintiff has been has engaged and is now engaged in the manufacture, distribution, sale, advertising, and promotion in interstate commerce of kitchen and bathroom cabinets, flooring, counter-tops, sinks, faucets, tiles, and other related items and operates wholesale, retail, and on-line stores featuring these goods.

7. Cabinets To Go is the owner of the following valid and subsisting U.S. Service Mark Registrations on the Principal Register of the U.S. Patent and Trademark Office:

| Mark | Reg. No. | Issue Date | Goods |
| --- | --- | --- | --- |
| CABINETS TO GO ...Premium Cabinets FOR LESS!! | 5021316 | August 16, 2016 | Wholesale and retail store services featuring kitchen and bathroom cabinets |

| | | | |
|---|---|---|---|
| CABINETS TO GO | 5007979 | July 26, 2016 | Wholesale and retail store services featuring kitchen and bathroom cabinets; On-line wholesale and retail store services featuring kitchen and bathroom cabinets |
| **CABINETS TO GO** | 6205781 | November 24, 2020 | Wholesale and retail store services featuring kitchen cabinets, bathroom cabinets, flooring, counter-tops, cabinet knobs, cabinet organizers, sinks, faucets, back-splash tiles; on-line wholesale and on-line retail store services featuring kitchen cabinets, bathroom cabinets, flooring, counter-tops, cabinet knobs, cabinet organizers, sinks, faucets, back-splash tiles |

(the foregoing registrations and/or trademarks sometimes referred to as "the Cabinets To Go Registered Marks" or the "Cabinets To Go Marks"). True and correct copies of the Cabinets To Go Registered Marks as provided by the United States Trademark Office's Trademark Electronic Search System are attached hereto and incorporated by reference herein as Exhibit A.

8. Plaintiff's use of the Cabinets To Go Registered Marks has been continuous and extensive since at least August 2009, and Plaintiff prominently displays its Cabinets To Go Marks, among other material, on its advertising literature, its web site at www.cabinetstogo.com, and in its offering of goods and services under the Cabinets To Go Marks.

9. Plaintiff's U.S. Service Mark Registration 6205781 is registered on the Principal Register of the U.S. Patent and Trademark Office and constitutes *prima facie* evidence of the validity of the mark, its registration, of Plaintiff's ownership thereof, and of Plaintiff's exclusive rights to use the mark in commerce in reference to the specified services thereof pursuant to the provisions of 15 U.S.C. § 1115(a).

10. Plaintiff has timely filed a Combined Declaration of Continued Use and Incontestability under Sections 8 & 15 for its U.S. Service Mark Registrations 5021316 and 5007979 registered on the Principal Register, thus the marks are incontestable pursuant to the provisions of 15 U.S.C. § 1065 and their registrations constitute conclusive evidence of the validity of the marks, their registration, of Plaintiff's ownership thereof, and of Plaintiff's exclusive rights to use the marks in commerce in reference to the specified services thereof pursuant to the provisions of 15 U.S.C. § 1115(b).

11. Plaintiff has invested considerable resources in developing, marketing, promoting and advertising its Cabinets To Go Registered Marks and branded goods and services. Plaintiff has extensively used, advertised, promoted and offered its services and goods bearing the Cabinets To Go Registered Marks to the public through various channels of trade in commerce with the result that Plaintiff's customers and the public in general have come to know and recognize Plaintiff's Cabinets To Go Registered Marks and associate the same exclusively with Plaintiff and/or goods sold or services offered by Plaintiff. As a result, Plaintiff has established a large and valuable business and substantial goodwill associated with its Cabinets To Go Registered Marks.

12. Subsequent to Plaintiff's adoption and usage of the Cabinets To Go Registered Marks, Defendant commenced usage of, and is using, Cabinets To Go Registered Marks in connection with its offering of similar services and products like that of Plaintiff. Such use is without Plaintiff's consent or permission.

13. Defendant commenced usage of, and is using, Cabinets To Go Registered Marks as evidenced in the attached Exhibit B, which are printouts from https://duckduckgo.com and https://www.stockcabinetexpress.com/cabinets-to-go/ from January 4, 2023, and which include various misleading and infringing statements.

14. Defendant's adoption and unauthorized use of the Cabinets To Go Registered Marks in connection with its business is likely to cause false, misleading, confusing, mistaken or deceptive impression in the minds of purchasers resulting in damage and detriment to Plaintiff and its reputation.

15. Defendant's adoption and unauthorized use of the Cabinets To Go Registered Marks has and is likely to continue to cause confusion in the marketplace as to source of services and products, the affiliation, connection or association with Plaintiff and/or Plaintiff's Cabinets To Go Registered Marks, with Plaintiff's Cabinets To Go brand, with Plaintiff's goods and services, or as to the origin, sponsorship or approval by Plaintiff of Defendant's services and products.

16. Upon information and belief, Defendant's adoption and unauthorized use of Plaintiff's Cabinets To Go Registered Marks and Cabinets To Go brand relative to identical or highly similar services and products is intended to prey upon or appropriate Plaintiff's Cabinets To Go Registered Marks and Cabinets To Go brand, Plaintiff's extensive advertising and promotion, highly regarded reputation, and the customer goodwill Plaintiff has meticulously cultivated at great expense over many years.

17. By reason of Defendant's unlawful acts, Plaintiff has suffered damage in excess of $75,000, and if such conduct continues, Plaintiff will be irreparably harmed with no adequate remedy at law.

18. Defendant is aware of Plaintiff's Cabinets To Go Marks and Cabinets To Go brand and Cabinets To Go products, and notwithstanding such notice, will continue to infringe Plaintiff's Cabinets To Go Marks and Cabinets To Go brand, as well as mislead consumers, unless enjoined by the Court.

## **COUNT I:**

**Trademark Infringement in Violation of the Lanham Act, Section 32, 15 U.S.C. § 1114**

19. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18 of the Complaint as though set forth in full herein.

20. Defendant's aforesaid actions constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

21. Defendant's use of Cabinets To Go Registered Marks has created and continues to create a likelihood of confusion, mistake or deception among the public as to the source of services and products of the parties.

22. By reason of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer irreparable harm, including, but not limited to, diminution in value of its Cabinets To Go Registered Marks and Cabinets To Go brand for which there is no adequate remedy at law. Accordingly, Plaintiff is entitled to an injunction against defendant pursuant to 15 U.S.C. § 1116.

23. Plaintiff has also suffered and continues to suffer injury and is entitled to recover all damages sustained as a result of Defendant's actions, all profits realized by Defendant, and costs of suit pursuant to 15 U.S.C. § 1117.

24. Defendant knew or has reason to know of Plaintiff's long standing and widely recognized use of the Cabinets To Go Registered Marks and Cabinets To Go brand and has deliberately used, promoted, and advertised its products that are confusingly similar to or colorable imitations of Plaintiff's Cabinets To Go Registered Marks and Cabinets To Go brand relative to services and products that are identical or similar or related to Plaintiff's services and products.

Given the Defendant's actions were and are willful, deliberate, fraudulent and exceptional, Plaintiff is entitled to treble damages and an award of reasonable attorneys' fees against Defendant pursuant to 15 U.S.C. § 1117.

## COUNT II:

### False Designation of Origin and Federal Unfair Competition in Violation of the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a)

25. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18 of the Complaint as though set forth in full herein.

26. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits, *inter alia,* the use of false or misleading designations of origin and/or the making of false or misleading representations of fact that are likely to cause confusion, mistake and deception among the trade and the consuming public as to source, sponsorship or approval.

27. The acts of Defendant alleged herein constitute the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of services and products in violation of section 43(a)(1)(A) of the Lanham Act. These acts of Defendant are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship or approval of Defendant's services and products by Plaintiff, or as to the nature, characteristics, and qualities of Defendant's services and products relative to Plaintiff's services and products in violation of the Section 43(a) of the Lanham Act. 15 U.S.C. § 1125(a).

3527592.2

8

Given the Defendant's actions were and are willful, deliberate, fraudulent and exceptional, Plaintiff is entitled to treble damages and an award of reasonable attorneys' fees against Defendant pursuant to 15 U.S.C. § 1117.

## COUNT II:

### False Designation of Origin and Federal Unfair Competition in Violation of the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a)

25. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18 of the Complaint as though set forth in full herein.

26. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits, *inter alia,* the use of false or misleading designations of origin and/or the making of false or misleading representations of fact that are likely to cause confusion, mistake and deception among the trade and the consuming public as to source, sponsorship or approval.

27. The acts of Defendant alleged herein constitute the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of services and products in violation of section 43(a)(1)(A) of the Lanham Act. These acts of Defendant are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship or approval of Defendant's services and products by Plaintiff, or as to the nature, characteristics, and qualities of Defendant's services and products relative to Plaintiff's services and products in violation of the Section 43(a) of the Lanham Act. 15 U.S.C. § 1125(a).

28. Defendant's aforesaid actions constitute unfair competition, false designation of origin and/or false representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29. Defendant's use of Cabinets To Go Registered Marks has created and continues to create a likelihood of confusion, mistake or deception as to the affiliation, connection, association, original sponsorship, approval, commercial activities, nature, characteristics and qualities of Defendant's services and products relative to Plaintiff's services and products in violation of the Lanham Act, 15 U.S.C. § 1125(a).

30. By reason of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer irreparable harm, including, but not limited to, diminution in value of its Cabinets To Go Registered Marks and Cabinets To Go brand for which there is no adequate remedy at law. Accordingly, Plaintiff is entitled to an injunction against Defendant pursuant to 15 U.S.C. § 1116.

31. Plaintiff has also suffered and continues to suffer injury and is entitled to recover all damages sustained as a result of Defendant's actions, all profits realized by Defendant, and costs of suit pursuant to 15 U.S.C. § 1117.

32. Defendant knew or has reason to know of Plaintiff's long standing and widely recognized use of the Cabinets To Go Registered Marks and Cabinets To Go brand and has deliberately used, promoted, and advertised its business and products confusingly similar to or colorable imitations of Plaintiff's Cabinets To Go Registered Marks and Cabinets To Go brand relative to services and products that are identical or similar or related to Plaintiff's services and products. Given the Defendant's actions were and are willful, deliberate, fraudulent and

exceptional, Plaintiff is entitled to treble damages and an award of reasonable attorneys' fees against Defendant pursuant to 15 U.S.C. § 1117.

## COUNT III

**Deceptive Acts and Practices in Violation of New York General Business Law § 349**

33. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 18 of the Complaint as through set forth in full herein.

34. By the acts described herein, Defendant has intentionally engaged in deceptive acts and practices in the conduct of business, trade and commerce in violation of New York State General Business Law § 349.

35. Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiff and Plaintiff has no adequate remedy at law.

## COUNT IV

**Trademark Infringement In Violation of New York Common Law**

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18 of the Complaint as though set forth in full herein.

37. By the acts described herein, Defendant has intentionally infringed upon Plaintiff's rights in and to Plaintiff's Cabinets To Go Marks in violation of the common law of the State of New York.

38. Defendant's acts have caused and will continue to cause, irreparable injury to Plaintiff and Plaintiff has no adequate remedy at law.

## COUNT IV

### Unfair Competition in Violation of New York Common Law

39. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 18 of the Complaint as through set forth in full herein.

40. By the acts described herein, Defendant has intentionally engaged in unfair competition with respect to Plaintiff in violation of the common law of the State of New York.

41. Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiff and Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an Order and Judgment against Defendant as follows:

A. That judgment for Plaintiff and against Defendant for damages in an amount to be determined at trial.

B. That Defendant and its officers, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, attorneys and all persons in active concert and/or participation with them who receive notice, be preliminarily and permanently enjoined and restrained from:

i) Using Plaintiff's Cabinets To Go Registered Marks, the Cabinets To Go brand, Plaintiff's domain name, or any confusingly similar mark, name, brand, domain name or colorable imitation thereof, in connection with products and services identical, similar, or related to Plaintiff's products and services which may in any way mislead or confuse anyone as to the source, affiliation or sponsorship of such products or services;

ii) Otherwise infringing the distinctive quality and secondary meaning of Plaintiff's Cabinets To Go Registered Marks, the Cabinets To Go brand, and Plaintiff's domain name;

iii) Injuring Plaintiff's business reputation and the goodwill associated with Plaintiff's Cabinets To Go Marks, the Cabinets To Go brand, and Plaintiff's domain name and from otherwise unfairly competing, directly or indirectly, with Plaintiff;

iv) Causing a likelihood of confusion or misunderstanding as to source, sponsorship, association, affiliation, approval or certification with or by Plaintiff, or engaging in conduct tending to create a false commercial impression of Plaintiff's services and products or any other conduct which tends to pass off Defendant's services or products as those of Plaintiff, or creates a likelihood of confusion or misunderstanding or false representation; and

v) Engaging in any deceptive acts and practices and/or any acts of trademark infringement or unfair competition under the statutory or common laws of the State of New York.

C. That Defendant be directed to file in Court, and to serve on Plaintiff, within thirty (30) days after entry of the above injunction, a report in writing, under oath, setting forth in detail the manner and form in which they have complied with the injunction.

D. That Defendant be directed to deliver up to this Court for destruction, pursuant to 15 U.S.C. § 1118, all signs, prints, advertisements, publication, promotions or other articles in their possession bearing any false statement relating to Plaintiff and/or its products, as well as bearing any of Plaintiff's Cabinets To Go Registered Marks, the Cabinets To Go brand and/or Plaintiff's domain name, or any reproduction, counterfeit, copy, confusingly similar mark, name, domain name, or colorable imitation thereof, and all plates, molds, matrices, screens or other means of making the same.

E. That Defendant be required to account for and pay over to Plaintiff all actual damages suffered by Plaintiff; all gains, profits and advantages derived by Defendant from its infringement of Plaintiff's Cabinets To Go Registered Marks, the Cabinets To Go brand, and/or its domain name, the Defendant's aforesaid acts of unfair competition, misappropriation, and other unlawful acts, and such damages as to the Court shall appear proper within the provisions of the Lanham Act or applicable law with such amount being enhanced for willful and exceptional infringement pursuant to 15 U.S.C. § 1117(b).

F. That Defendant be ordered to compensate Plaintiff for the advertising or other expenses necessary to dispel any public confusion caused by Defendant's false advertising and infringement of Plaintiff's Cabinets To Go Marks, the Cabinets To Go brand, and/or Plaintiff's domain name, and the Defendant's unfair competition, misappropriation, and other unlawful acts.

G. That Plaintiff be awarded general damages and treble damages.

H. That Plaintiff be awarded its reasonable attorneys' fees and such other compensatory damages as this Court may determine to be fair and appropriate pursuant to 15 U.S.C. § 1117(a).

I. That Defendant be ordered to pay pre-judgment and post-judgment interest on any monetary judgment awarded as permitted by law.

J. An award of taxable costs to Plaintiff.

K. That this Court grant the Plaintiff such other and further relief as the Court deems proper and necessary.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial as to all issues triable by a jury.

Date:   April 4, 2023

                PHILLIPS NIZER LLP

                By:  */s/ Charles P. LaPolla*
                     Charles P. LaPolla
                     PHILLIPS NIZER LLP
                     485 Lexington Ave., 14th Floor
                     New York, New York 10017
                     (212) 977-9700
                     clapolla@phillipsnizer.com

                     *Attorneys for Cabinets To Go, LLC*

                     Jeff J. Astarabadi
                     CA State Bar No. 229886
                     MUCH SHELIST, P.C.
                     660 Newport Center Drive, Suite 900
                     Newport Beach, CA 92660
                     (949) 767-2200
                     jastarabadi@muchlaw.com

                     *Pro Hac Vice Forthcoming*